UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICKY RICARDO DANIEL,           )
                                )
        Plaintiff               )
                                )
    vs.                         )   Case No. 2:07-cv-01460-LSC-HGD
                                )
DONALD COLEE, JR., et al.,      )
                                )
        Defendants              )

**<u>MEMORANDUM OPINION</u>**

The above-entitled civil action is before the court on (1) the Motion to Dismiss filed by the United States of America[1] (Doc. 4); (2) the Motion for Summary Judgment[2] filed by Kathy Gober (Doc. 8); (3) the Motion for Summary Judgment[3] filed

---

[1] The motion originally was filed by Lane Woodke and Mary Lee Erhart. Because these Defendants were acting in their capacity as Assistant United States Attorney and paralegal for the United States Attorney's Office, respectively, with respect to the allegations in Plaintiff's complaint, the United States of America was substituted for Woodke and Erhart. *See* Doc. 17, Order granting Motion to Substitute party entered August 23, 2007.

[2] Because Gober supported her Motion to Dismiss with evidence, the motion was converted to a Motion for Summary Judgment. *See* Doc. 18, Order treating Motion to Dismiss as Motion for Summary Judgment.

[3] Because Smith supported her Motion to Dismiss with evidence, the motion was converted to a Motion for Summary Judgment. *See* Doc. 18, Order treating Motion to Dismiss as Motion for Summary Judgment.

by Kim Smith (Docs. 9 & 11); (4) the Motion for Summary Judgment[4] filed by Smart Document Solutions, LLC (Doc. 12); (5) the Motion to Dismiss filed by Rosalyn Johnson, Mary Jane Kerner, UAB-West and Renae Seagle (Doc. 25); (6) the Motion for Summary Judgment[5] filed by Jefferson County Health System, Cooper Green Hospital and Patty Hoyt (Doc. 29); (7) the Motion for Partial Summary Judgment filed by Plaintiff (Doc. 45); and (8) the Motion to Dismiss filed by Donald Colee, Jr. (Doc. 85).

Plaintiff, Ricky Ricardo Daniel, commenced this action by filing a complaint in the Circuit Court of Jefferson County on or about June 11, 2007, against Donald Colee, Lane Woodke, Mary Lee Erhart, UAB-West, Renae Seagle, Rosalyn Johnson, Jefferson County Health System, Cooper Green Hospital, Patty Hoyt, Mary Jane Kerner, Smart Document Solutions, LLC, Kathy Gober, and Kim Smith. The action was removed to this court on August 9, 2007. Daniel alleges that Defendants violated state and federal law by collecting, copying and disseminating his medical records

---

[4] Because Smart Document Solutions, LLC, supported its Motion to Dismiss with evidence, the motion was converted to a Motion for Summary Judgment. *See* Doc. 18, Order treating Motion to Dismiss as Motion for Summary Judgment.

[5] Because Jefferson County Health System, Cooper Green Hospital and Patty Hoyt supported their Motion to Dismiss with evidence, the motion was converted to a Motion for Summary Judgment. *See* Doc. 30, Order treating Motion to Dismiss as Motion for Summary Judgment.

without his permission. He asserts claims pursuant to *Bivens*,[6] the Federal Tort Claims Act (FTCA), 5 U.S.C. § 552(a), 42 U.S.C. §§ 1985 and 1986, negligence, recklessness, wantonness, medical malpractice and legal malpractice. The medical records in question were obtained in connection with *Daniel v. U. S. Marshal Serv., et al.*, Case No. 2:00-cv-02962-RRA (N.D. Ala.).

Defendant Donald Colee, Jr., was Daniel's former attorney. The United States defendants in *Daniel v. U.S. Marshal Serv., et al.*, were represented by Assistant United States Attorney Lane Woodke. Defendant Renae Seagle is an employee in the Medical Records Department at UAB-West. Defendant Rosalynn Johnson is the Release of Information Coordinator in the Health Information Management Department at UAB-West. Defendant Patty Hoyt is a medical records clerk at Cooper Green Hospital. Defendant Mary Jane Kerner is an employee in the Medical Records Department at UAB-West. Defendant Smart Document Solutions, LLC (SDS) is the medical records management company for UAB-West. Kathy Gober is an employee in SDS's Customer Service Department handling issues related to SDS's accounts receivable. Kim Smith was a legal assistant in SDS's Corporate Legal Department.

Acting *pro se*, Daniel filed a complaint in *Daniel v. U.S. Marshal Serv., et al.* in the United States District Court for the Northern District of Alabama on or about

---

[6] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

October 19, 2000. Plaintiff alleged that on October 20, 1998, while Plaintiff was being transported as a federal prisoner by the United States Marshal Service, the vehicle was involved in an accident and he was injured. On January 6, 2005, Defendant Colee was appointed to represent Plaintiff. After a March 16, 2005, bench trial before United States Magistrate Judge Robert Armstrong, based on the consent of the parties pursuant to 28 U.S.C. § 636(c), judgment was entered in favor of Defendants and against Plaintiff on the remaining negligence claim. The ruling was upheld on appeal.

## MOTION TO DISMISS STANDARD

This matter is before the court upon several motions to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. In considering a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Assuming that the facts are true, a complaint may be dismissed under the Federal Rule of Civil Procedure 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See e.g., Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir. 1991); *see also Brower v. County of Inyo*, 489 U.S. 593, 598, 109

S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989). On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden." *Jackam v. Hosp. Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986), citing *Currie v. Cayman Resources Corp.*, 595 F.Supp. 1364, 1376 (N.D. Ga. 1984). The Court of Appeals for the Eleventh Circuit has held that "motions to dismiss for failure to state a claim should be denied unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims." *Jackam*, 800 F.2d at 1579, quoting *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982); *see also Hishon v. King & Spalding, supra*.

## SUMMARY JUDGMENT STANDARD

Some of the motions are considered by the court pursuant to the provisions of Rule 56, Fed. R. Civ. P. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Thus, summary judgment is appropriate where the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  The substantive law governing the action determines whether an element is essential.  *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.  A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *see Brown v. Crawford*, 906 F.2d 667, 669 (11th Cir. 1990), *cert. denied*, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991).

This circuit clearly holds that summary judgment should be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the non-moving party, *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983); *see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512.  The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his, her or its favor.  *Id*. at 255, 106 S.Ct. at 2514, *citing Adickes v. S. H.*

*Kress & Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970). It is, therefore, under this standard that the court must determine whether the movant can meet his, her or its burden of coming forward with sufficient evidence as to each material element of a claim sufficient to permit a reasonable jury to find in his, her or its favor.

When a court is confronted with cross-motions for summary judgment, it must consider each party's motion individually to determine if that party has satisfied the summary judgment standard. *See Matter of Lanting*, 198 B.R. 817 (Bankr. N.D.Ala. 1996); *Williams v. Philadelphia Housing Auth.*, 834 F.Supp. 794, 797 (E.D.Pa. 1993); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2720 (1983). Thus, in determining whether genuine and material factual disputes exist, the court must consider the parties' respective memoranda and exhibits and construe all facts, and all reasonable inferences drawn therefrom, in the light most favorable to the respective non-movant. *Matsushita Elec. Indus.*, 475 U.S. at 587-88, 106 S.Ct. at 1356-57. Each side must demonstrate the lack of genuine issues of material fact and entitlement to judgment as a matter of law. *Nolen v. Paul Revere Life Ins.*, 32 F.Supp.2d 211, 213 (E.D.Pa. 1998).

## DISCUSSION

The *pro se* Plaintiff in this matter, Ricky Ricardo Daniel, is a prisoner currently in the custody of the Attorney General. He is no stranger to the judicial system and has filed numerous actions over the years, virtually all of which were without merit and/or frivolous. *See, e.g., U.S.A. v. Certain Currency, et al.*, Case No. 2:95-cv-01840-RBP (N.D. Ala.) (*see* Doc. 72, finding appeal to be frivolous); *Daniel v. United States of America*, Case No. 2:95-cv-02679-UWC (N.D. Ala.) (*see* Doc. 56, finding appeal to be frivolous); *Daniel v. U. S. Marshal Service, et al.*, Case No. 2:00-cv-02962-RRA (N.D. Ala.); *Daniel v. United States*, Case No. 2:01-cv-08050-ELN-PWG (N.D. Ala.); *Daniel v. Southwest Airlines*, Case No. 2:02-cv-02580-ELN (N.D. Ala.); *Daniel v. United States, et al.*, Case No. 2:03-cv-00425-CLS-PWG (N.D. Ala.) (*see* Doc. 47, finding appeal to be frivolous); *Daniel v. U.S. Dep't of Justice*, Case No. 2:04-cv-00116-JHH-PWG (N.D. Ala.) (*see* Doc. 3, Memorandum Opinion of U.S. District Judge James H. Hancock dismissing case as frivolous, and Doc. 5, Order of Judge Hancock directing that Daniel refrain from further filings in this case); *Daniel v. United States*, Case No. 2:07-cv-08011-LSC-RRA (N.D. Ala.).

Plaintiff once again has initiated a frivolous cause of action against a variety of parties, causing the needless expenditure of time and expense to defend against claims that are clearly without any merit whatsoever.

**Woodke and Erhart**

Daniel sets out five types of claims against U.S. Attorney's Office employees Woodke and Erhart. He asserts that (1) they violated his Constitutional rights by subpoenaing his medical records in a civil action in federal court involving personal injuries claims under the Federal Tort Claims Act; (2) in subpoenaing his records, they violated the Privacy Act, 5 U.S.C. § 552a; (3) in subpoenaing his medical records, they violated what plaintiff refers to as the "medical privacy act," presumably a reference to the Health Insurance Portability and Accountability Act (HIPAA); (4) they committed various common law torts against Daniel; and (5) they engaged in a conspiracy in violation of 42 U.S.C. §§ 1985, 1986.

The essence of his claim is that his medical records were subpoenaed by the United States and released for use at a civil trial that Plaintiff had filed against the United States wherein he alleged that he was injured in a car wreck while being transported to court by United States Marshals. In reality, there was no car wreck and Plaintiff's claimed injuries occurred when the vehicle he was in swerved to avoid another vehicle that pulled into its lane. Eventually, all of Plaintiff's claims were dismissed or found to be without merit. (*See Daniel v. U. S. Marshal Serv., et al.*, Case No. 2:00-cv-02962-RRA (N.D. Ala.), Docs. 122, 155, 208 & 282).

Thus, Plaintiff complains that his medical records were released without his permission, even though he put his medical history in issue by filing the above-

referenced lawsuit. However, regardless of the merit (or lack of merit) to Daniel's claims, Woodke and Erhart are protected from these claims by absolute immunity. *See Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

They also are protected by qualified immunity. Petitioner's rights regarding the privacy of his medical records are governed by statute. No constitutional right was violated here, even if one were to assume that the records were obtained in violation of the Privacy Act or HIPAA. The subpoenaing of petitioner's medical records while defending against his claim that he was injured by the negligence of agents of the United States violated none of Daniel's constitutional rights. Because no constitutional right was violated, these parties are entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

Furthermore, the prosecution by Plaintiff of any constitutional torts allegedly committed by Woodke or Erhart pursuant to *Bivens* would be barred by the statute of limitations. Plaintiff had reason to know of the alleged violations at the time of his trial on March 16, 2005. However, he never filed a complaint in this matter until on or about June 11, 2007.[7] In Alabama, the statute of limitations in an action for alleged constitutional violations is two years. *McKissick v. Busby*, 936 F.2d 520, 521 (11th

---

[7] While the complaint is signed on May 30, 2007, the cover sheet checklist accompanying the complaint, summons, brief and other documents filed by Daniel in state court is dated June 11, 2007. Therefore, that is the date on which the court presumes Daniel placed the documents in the hands of prison authorities for mailing to the state court and, thus, the effective date of filing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2397, 101 L.Ed.2d 245 (1988).

Cir. 1991); *Ala. Code* § 6-2-38(1). Thus, the statute of limitations for a *Bivens* action is two years. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996).

In addition, the Privacy Act applies only to the disclosure of records by a federal agency. 5 U.S.C. § 552a(b). Thus, this action against two individuals cannot stand. *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir. 1989). This action is also barred by the Privacy Act's two-year statute of limitations. 5 U.S.C. § 552a(g)(5).

In addition, the Privacy Act only protects against the unauthorized release of documents, not the improper obtaining of those documents. Thus, Daniel has no claim against Woodke and Erhart for this reason as well.

Likewise, Woodke and Erhart are not "covered entities" subject to suit under HIPAA. Section 264 of HIPAA requires federal standards to protect certain medical records. However, 45 C.F.R. § 164.512(e)(1) specifically states that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (I) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order."

In addition, covered entities include (1) a health plan, (2) a healthcare clearinghouse, and (3) a healthcare provider who transmits any information in

electronic form in connection with a transaction covered by this subchapter. 45 C.F.R. § 160.103. Thus, Woodke and Erhart are not "covered entities" under HIPAA.

Only the United States is a proper party for any common law tort claims against Woodke and Erhart. The *Westfall* Act provides federal employees, when appropriately certified as acting within the scope of their employment, with immunity from suits under State law and that the United States shall be substituted in at the earliest possible moment and the case may be removed to federal court. *See* 28 U.S.C. § 2679(b)(1) and (6) (the *Westfall* Act). After substitution and removal to federal court, the claims are analyzed under the Federal Tort Claims Act. Claims under this act are barred unless they are presented in writing to the appropriate agency within two years of the accrual of the claim. *United States v. Kubrick*, 444 U.S. 111, 113, 100 S.Ct. 352, 355, 62 L.Ed.2d 259 (1979) (citing 28 U.S.C. § 2401(b)). Compliance with this requirement is a jurisdictional prerequisite to the filing of a suit against the United States. *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984). Because Daniel did not present evidence that he complied with this requirement, this claim is due to be dismissed.

Daniel also alleges that Woodke's and Erhart's acts or omissions violated 42 U.S.C. §§ 1985, 1986. None of the statutes enumerated in 42 U.S.C. § 1988(b) apply to federal officials acting solely under color of federal law. *Lee v. Hughes*, 145 F.3d

1272, 1277 (11th Cir. 1998). Since §§ 1985, 1986 are enumerated in § 1988(b), Daniel's §§ 1985, 1986 claims are not viable against Woodke and Erhart. Consequently, all of Daniel's claims against Woodke and Erhart are due to be dismissed.

**Kathy Gober, Kim Smith & SDS**

Plaintiff also asserted claims against Kathy Gober based upon the alleged role of Defendant Smart Document Solutions, LLC (SDS) in responding to the subpoena issued by Woodke and others in the United States Attorney's Office to UAB Hospital for medical records in the above-referenced civil suit by Daniel for injuries he alleged to have occurred while being transported by U.S. Marshals.

Daniel alleges five categories of claims against Gober, Smith, and SDS: (1) that SDS, Smith, and Gober violated various constitutional rights of Daniel's by responding to the subpoena; (2) that, in responding to the subpoena, SDS, Smith, and Gober violated the Privacy Act, 5 U.S.C. § 552a; (3) that, in responding to the subpoena, SDS, Smith, and Gober violated what has been determined to be HIPAA; (4) that SDS, Smith, and Gober committed various common law torts against Plaintiff; and (5) that SDS, Smith, and Gober engaged in a conspiracy with other Defendants in violation of 42 U.S.C. §§ 1985, 1986.

Plaintiff alleges that his medical records were subpoenaed by Woodke and Erhart and that SDS "surrendered" his records on December 28, 2004. He further alleges that, after attorney Donald L. Colee was appointed to represent Daniel for the trial of his civil suit, Woodke and Erhart provided copies of medical records from UAB Hospital and Cooper Green Hospital to Colee.

SDS gathered the medical records at UAB Hospital and other various hospitals as a business service it provides to those hospitals. Subpoenas are the type of records that SDS responds to for UAB. Once SDS receives a request for documents from UAB, SDS processes the request. (Aff. of Jan McDavid).

Ms. Gober is employed by SDS in Alpharetta, Georgia, in SDS's Customer Service Department handling issues related to SDS's accounts receivable. She has never been involved in responding to requests for medical records directed to UAB or any other SDS client. (*Id.*). Because there is no evidence to the contrary, the claims against Ms. Gober are due to be dismissed as a matter of law.

Ms. Smith is a former employee of SDS in Alpharetta, Georgia. She worked in SDS's Corporate Legal Department as a legal assistant. She was never involved in responding to requests for medical records directed to UAB Hospital or any other SDS client. (*Id.*). Because there is no evidence to the contrary, the claims against Ms. Smith are due to be dismissed as a matter of law.

Furthermore, any claims against SDS, Gober and Smith are barred by the applicable statutes of limitations. Plaintiff knew, or should have known, of the subpoena and the alleged release of his medical records, at the latest, by March 16, 2005, the date the trial took place. However, Plaintiff did not file this action until more than two years later, in June 2007.

Consequently, his state law tort claims are barred pursuant to *Ala. Code* § 6-2-38(1). His constitutional claims are also barred by the two-year statute of limitations applicable to such actions under Alabama law. *See* discussion of statute of limitations, *supra*. *See also Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *Newberger v. U.S. Marshal Serv.*, 751 F.2d 1162, 1165-66 (11th Cir. 1985). A claim under 42 U.S.C. § 1986 is barred by the statute of limitations of one year contained in the statute itself, and Privacy Act violations are barred pursuant to the two-year statute of limitations found within the Act itself. 5 U.S.C. § 552a(g)(5).

In any event, there is no violation of any law. SDS released the records sought pursuant to a subpoena. As noted above, under HIPAA, a party such as UAB or SDS may release records in response to a subpoena without being subject to liability. 45 C.F.R. § 164.512(e)(1)(ii).

The Privacy Act applies only to certain agencies of the United States and not to private individuals or private entities. 5 U.S.C. § 552a(a)(1), (b); 5 U.S.C. § 552(f)(1);

5 U.S.C. § 551(1), (4). Furthermore, the Privacy Act Applies only to records maintained by an agency of the United States government. Therefore, it is not applicable to Gober, Smith or SDS.

In addition, HIPAA does not provide a complainant with a private cause of action. *Logan v. Dep't of Veterans Affairs*, 357 F.Supp. 149, 155 (D.D.C. 2004).

For all of the above reasons, summary judgment is due to be granted on all claims by Plaintiff against Gober, Smith and SDS.

**UAB Medical-West, Renae Seagle, Rosalyn Johnson and Mary Jane Kerner**

The above-listed parties are also being sued by Plaintiff based on a variety of claims. All of plaintiff's claims are barred by the statute of limitations. Plaintiff alleges that these Defendants violated his "rights" when they released his medical records pursuant to subpoena on December 3, 2004, and/or December 21, 2004. Under *Ala. Code* § 6-2-38(l), the statute of limitations is two years. Plaintiff did not file his complaint until June 11, 2007. Thus any claims under 42 U.S.C. §§ 1985, 1986 are due to be dismissed.

To the extent that Plaintiff's claim may be construed as one under the Alabama Medical Liability Act, his claims are barred by the statute of limitations for claims pursuant to that Act found in *Ala. Code* § 6-5-482.

Any attempt to bring an action against these Defendants pursuant to the Privacy Act, 5 U.S.C. § 552(a), is due to be dismissed because it applies only to the disclosure of records by a federal agency, as defined by 5 U.S.C. § 551(1). None of these Defendants meet this definition. Therefore, the claims against these Defendants are due to be dismissed.

**Jefferson County Health System, Cooper Green Hospital and Patty Hoyt**

Plaintiff complains that these Defendants violated the Privacy Act. As noted above, the Privacy Act applies to federal agencies only. These Defendants are not federal agencies. To the extent that Plaintiff is complaining that these Defendants improperly released medical information concerning Plaintiff, it is undisputed that they produced medical records pursuant to a subpoena issued by the Clerk of Court for the Northern District of Alabama. Patty Hoyt was the Assistant Director of Medical Records and functioned as the Custodian of Records for Cooper Green Hospital and the Jefferson County Health System. She worked within this capacity when she produced the subpoenaed documents.

Because these Defendants produced records pursuant to a valid subpoena regarding a claim that put Plaintiff's medical condition in issue, Plaintiff has failed to establish that they violated any "rights" for which he is entitled to relief. Therefore, the motion for summary judgment of these Defendants is also due to be granted.

**Donald Colee, Jr.**

Attorney Donald Colee, Jr., was appointed to represent Plaintiff in his civil suit against the United States based on Plaintiff's claim that he was injured when a motor vehicle, driven by a Deputy U.S. Marshal and in which he was riding, was caused to veer off the road to avoid another vehicle.

Plaintiff's claims against Colee are vague, ambiguous and nonsensical. To the extent that they can be determined, they are barred by the applicable statutes of limitations. The Alabama Legal Malpractice Act has a two-year statute of limitations. Colee's last act of representation was April 8, 2005. The complaint, filed on June 11, 2007, was thus outside the statute of limitations.

Any negligence claim or constitutional claim against Colee also would be barred by *Ala. Code* § 6-2-38(l). Not only would a Privacy Act claim be barred by its two-year statute of limitations, this Act is inapplicable to Colee as he is not a government agency.

All Colee has done is try to represent Daniel in the trial of a civil action that Plaintiff had filed *pro se.* For these services, he received no compensation and, yet, has been required to defend himself against a frivolous claim by Plaintiff. There is no basis for any claim against Colee.

As noted above, it was Plaintiff himself who put his medical condition in issue. The medical records produced were produced subject to a valid subpoena for records. Any claim that any of these Defendants has violated any statutory or constitutional right of the Plaintiff is frivolous and completely without merit. Plaintiff has a history of filing frivolous claims. He has filed two appeals and one district court action which were dismissed as frivolous. Thus, this is at least his second frivolous district court action. (*See Daniel v. U.S. Dep't of Justice*, Case No. 2:04-cv-00116-JHH-PWG (N.D. Ala.)).

## CONCLUSION

Based on the foregoing, the court concludes that:

(1) the Motion to Dismiss filed by the United States of America (Doc.4) is due to be granted;

(2) the Motion for Summary Judgment filed by Kathy Gober (Doc. 8) is due to be granted;

(3) the Motion for Summary Judgment filed by Kim Smith (Docs. 9 & 11) is due to be granted;

(4) the Motion for Summary Judgment filed by Smart Document Solutions, LLC (Doc.12) is due to be granted;

(5) the Motion to Dismiss filed by Rosalyn Johnson, Mary Jane Kerner, UAB-West and Renae Seagle (Doc. 25) is due to be granted;

(6) the Motion for Summary Judgment filed by Jefferson County Health System, Cooper Green Hospital and Patty Hoyt (Doc. 29) is due to be granted;

(7) the Motion for Partial Summary Judgment filed by Plaintiff (Doc. 5) is due to be denied; and

(8) the Motion to Dismiss filed by Donald Colee, Jr. (Doc. 85) is due to be granted.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

Done this 20th day of March 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671